Dan T. LAWRENCE, Appellant,

v.

EQUITABLE LIFE ASSURANCE SOCIE-
TY of the United States, Appellee.

Court of Appeals of Kentucky.

June 3, 1977.

Discretionary Review Granted Sept.
13, 1977.

Earl T. Osborne, Paducah, for appellant.

Stephen D. Gray, Henderson, for appel-
lee.

Before HOGGE, VANCE and WINTER-
SHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a jury verdict which
awarded the Appellant/Plaintiff no dam-
ages in connection with an alleged breach
of an employment contract. On September
1, 1974, Lawrence and the Equitable Life
Assurance Society entered into a written
contract known as a 12th Edition contract
under which Lawrence was hired for the
term of the contract as an agent to sell life
insurance for the Society. Section XII of
the contract provided that either party
could terminate the agreement at any time
by giving the other notice. On July 1, 1975,
Don Jett, the owner of the agency where
Mr. Lawrence was working for Equitable,
advised that he was going to recommend
that Lawrence be terminated as of June 30,
1975. This recommendation was subse-
quently confirmed in writing by Jett.
Thereafter, Lawrence cleaned out his desk,
and on July 2, 1975, applied for unemploy-
ment benefits, listing Equitable as his last
employer, and stating that his last day
worked was June 30, 1975. On July 8, 1975,
Lawrence assigned some of his credits from
one customer to a fellow employee. On
July 10, 1975, Lawrence wrote a letter to
the President of Equitable claiming that
they owed him for his work in July and
August and referring to his termination as
of June 30, 1975. On July 15, 1975, Joseph
Wyer of Equitable sent through the regular
mail a notice of termination which Law-
rence claims he never received. After a one
day trial, the jury, replying to three inter-

rogatory instructions by the trial court, found that no letter was forwarded by Equitable on or about July 15, 1975, and that Lawrence accepted the fact of his termination on June 30, 1975 and refused to award any damages.

This Court reverses the trial court.

The question presented here is whether the Interrogatories No. 2 and 3 were so erroneous as to mislead the jury and thereby prejudice the Appellant.

In considering this matter it is necessary to determine if the employment contract was terminated by Equitable according to its terms, and if the contract was breached by Equitable, what damages, if any, was Lawrence entitled to.

Interrogatory No. 1 was not objected to by either party. The finding of the jury under Interrogatory No. 1 is to the effect that no termination letter was sent pursuant to the contract. The combination of the following interrogatories (No. 2 and 3) is defective and misleading so that the final result is prejudicial to the Appellant/Plaintiff herein. Interrogatory No. 2 was premature and perhaps actually out of order, but also erroneous. Any series of correct interrogatories should have included a question as to when notice of termination as required by the contract of employment was given, and if it was ever given. It is clear that notice must be given as a condition of termination.

This Court recognizes that the question of equitable estoppel arises from the conduct and the acknowledgement by the Appellant/Plaintiff of his termination. It is well settled in Kentucky that equitable estoppel applies to a situation where it would be unconscionable to permit one to maintain a position inconsistent with one in which he had acquiesced to the detriment of another who has charge of his position. *Hall v. Gayheart*, 314 Ky. 432, 235 S.W.2d 1020 (1951). *Carrington v. Kentucky Home Mutual Life Insurance Co.*, 61 F.Supp. 424 (D.C.Ky.1945).

It is further considered that an instruction as to breach of contract by either the employer or the employee should have been given to the jury.

An examination of the law of damages related to this case fails to disclose any authority for the court's Interrogatory No. 3, which involves the matter of the jury crediting money received by the Appellant from other sources against any damages. Payments received by the Appellant from the Veterans Administration as benefits should not be setoff against any damages Equitable owed under the contract. It is our understanding of the law of damages that the employee should be charged with any wages he has earned, or could have earned, if he had with reasonable diligence obtained or solicited employment in the same general area. 22 *Am.Jur.2d* Damages § 70 and 71.

On a new trial the court should inquire when Lawrence was notified by the employer/appellee. Such notice need not be in writing. Conduct by the parties, such as refusal to pay salary and defense of a lawsuit could be considered. Therefore, it is the opinion of this Court that Interrogatory No. 2 was erroneous, and that Interrogatories No. 2 and 3 resulted in a prejudice to the Appellant and that it was erroneous not to have given an instruction or interrogatory on the question of notice. This case is reversed and remanded to the trial court for such action as may be consistent with this opinion.

All concur.